IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL R. RAY, ) | Civil Action No. 4:04-cv-23048-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| SHERIFF JAMES R. METTS, LEXINGTON ) | |
| COUNTY SHERIFF'S DEPARTMENT; ) | |
| SHERIFF JIMMY GREGG, FLORENCE ) | |
| COUNTY SHERIFF'S DEPARTMENT; ) | |
| MICHAEL ILLES, ADMN. FLORENCE ) | |
| COUNTY DETENTION CENTER; ) | |
| JUNE STEWART, EMPLOYEE FCDC, ) | |
| THE COUNTY OF FLORENCE; ) | |
| THE COUNTY OF LEXINGTON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Michael R. Ray, filed this action under 42 U.S.C. § 1983[1] on November 30, 2004, alleging violations of his constitutional rights. Since the filing of this action, plaintiff has been released from incarceration. On July 25, 2005, plaintiff filed an amended complaint and added Florence County and Lexington County as defendants. On December 2, 2005, both defendants, Florence County and Lexington County, filed motions for summary judgment. (Documents #55 and #56). Because plaintiff is proceeding pro se, he was advised

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

on or about December 5, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motions for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. On January 3, 2006, plaintiff filed a response to the motions for summary judgment. (Documents #64 and #65) and defendants filed a reply on September 8, 2008 (document #36).[2]

## II. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions

---

[2] This action was stayed for a period of time.

2

contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### III. DISCUSSION

#### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff alleges in his complaint that his constitutional rights were violated while housed at Florence County Detention Center and the Lexington County Detention Center (hereinafter "the Detention Centers"). Specifically, the plaintiff asserts that his constitutional rights were violated because of interference with incoming mail while housed at the Detention Centers.

Both Florence County and Lexington County filed motions for summary judgment asserting that since all of the allegations involve actions taken by the Detention Center employees, Lexington County and Florence County are not proper parties to this action. Defendants assert in their motions that the Sheriff of the respective County is in charge of running the jail and the County has no

control over the administration of the jail, and, thus, are not liable under §1983 for alleged incidents that occurred while plaintiff was housed a the Detention Centers.

Defendant Florence County submitted the affidavit of Sheriff William K. Boone who attests that he is the Sheriff of Florence County and is responsible for the control and administration of the Florence County Detention Center ("FCDC"). Boone attests that he sets the policies for the FCDC and is in charge of the employees of said detention center. (See the affidavit of Sheriff Boone, doc. # 55-3).

Defendant Lexington County submitted the affidavit of Sheriff James R. Metts who attests that he is the Sheriff of Lexington County and is responsible for the control and administration of the Lexington County Detention Center ("LCDC"). Metts attests that he sets the policies for the LCDC and is in charge of the employees of said detention center. (See Affidavit of Sheriff Metts, doc. #56-3).

On January 3, 2006, plaintiff filed a response in opposition basically asserting that the counties are liable for the actions of the Sheriff.

The undersigned finds that these motions for summary judgment should be granted. The law is settled that a county has no liability for conduct occurring at a detention facility when state law vests the control and responsibility for operating the facility and its employees with the sheriff. *See, e.g.*, Knight v. Vernon, 214 F.3d 544, 552-53 (4th Cir.2000) (in § 1983 suit alleging that sheriff violated plaintiff's First Amendment rights, the county was not a proper party because sheriff had exclusive rights and responsibilities concerning personnel policy of sheriff's office): Grayson v. Peed, 195 F.3d 692, 697-98 (4th Cir. 1999). *See also* Allen v. Fidelity and Deposit Company, 515 F.Supp. 1185, 1189-1191 (D.S.C.1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir.1982) [Table]. Decision by official having final policymaking authority on the particular issue

is "policy" by which municipality may be held liable under 1983. McMillan v. Monroe County, 520 U.S. 781, 783-85 (1997). Determination of whether municipality is liable for official's actions made by review of state law allocation of power and responsibilities. McMillian, 520 U.S. at 786; Knight v. Vernon, 213 F.3d 544, 552 (4th Cir. 2000); Dotson v. Chester, 937 F.2d 920, 924 (4th Cir. 1991) (under state and local law, sheriff, though state official for some purposes, is final policymaker for county with respect to administration of jail). See also S. C. Code §24-5-10 et seq. Defendants' unrefuted evidence shows that Sheriff Metts and Sheriff Boone have the responsibility for the control and administration of the Detention Centers and the employees of the Detention Centers and set policy for the Detention Centers. Plaintiff opposes defendants' motion with his own conclusory statements and questions which are insufficient to show a genuine issue of material fact for trial. Accordingly, it is recommended that summary judgment be granted as to defendants Florence County and Lexington County.

## IV. CONCLUSION

For the reasons set forth above, it is RECOMMENDED that the motions filed by defendants (documents # 55 and #56) for summary judgment be GRANTED IN THEIR ENTIRETY.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 4, 2009
Florence, South Carolina
**The parties' attention is directed to the important notice on the next page.**