IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael R. Ray, | ) | C.A. No. 4:04-23048-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sheriff James R. Metts, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff, who was incarcerated with the South Carolina Department of Corrections when he filed this action, brings claims relating to the prison mail system at the named detention centers.

On August 4, 2009, United States Magistrate Judge Thomas Rogers, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the first Report"). In the first Report, Magistrate Judge Rogers recommends that the motions for summary judgment filed by Florence County and Lexington County be granted. On September 8, 2009, Plaintiff filed a letter indicating that he did not object to the dismissal of these parties.

On August 5, 2009, Judge Rogers filed a Report and Recommendation ("the second Report"). In the second Report, Magistrate Judge Rogers recommends that the motion for summary judgment filed by the remaining defendants be granted. On September 4, 2009, Plaintiff filed objections to the second Report. This Court is charged with reviewing the Magistrate's reports and the Plaintiff's objections thereto. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed the reports and the objections thereto and has concluded that both reports accurately summarize this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's reports are **ACCEPTED** (Doc. # 145, 147); Plaintiff's objections are **OVERRULED** (Doc. # 153); and Plaintiff's complaint is dismissed. As recommended in the second Report, all remaining motions in this case are hereby moot.

**IT IS SO ORDERED.**

    S/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

September 11, 2009
Florence, South Carolina